RECEIVED
Mail Room
JUN 7 2016
United States Court of Appeals
District of Columbia Circuit

No. 16-7067

IN THE
# United States Court of Appeals
# For the District of Columbia Circuit

---

DISTRICT OF COLUMBIA and CATHY L. LANIER
 Defendants-Appellants,

v.

MATTHEW GRACE *et al.*,
 Plaintiffs-Appellees.

---

On Appeal Of An Order Of The United States District Court
For The District Of Columbia, Supporting Reversal
Case No. 1:15-cv-02234-RJL
Judge Richard J. Leon

---

**NOTICE OF INTENT TO PARTICIPATE AS AMICUS CURIAE IN SUPPORT OF NEITHER PARTY BY CHARLES NICHOLS, AN INDIVIDUAL, AN AMICUS IN EDWARD PERUTA, ET AL V. COUNTY OF SAN DIEGO, ET AL (EN BANC) NO.: 10-56971 9TH CIRCUIT COURT OF APPEALS AND PRESIDENT OF CALIFORNIA RIGHT TO CARRY A CALIFORNIA NONPROFIT ASSOCIATION**

---

Pursuant to D.C. Circuit Rule 29(b), Charles Nichols hereby notifies the Court of his intent to participate as amicus curiae in support of neither party. All parties have consented to his participation.

On April 20, 2015, Chief Judge Thomas of the 9th Circuit Court of Appeals granted Charles Nichols' motion for leave to file an amicus brief in Edward Peruta, et al v. County of San Diego, et al (En Banc) No.: 10-56971 (*Peruta*).

1

Charles Nichols' amicus motion in *Peruta* argued that leave should be granted because all of the parties, all of the Amici, and the proposed Intervenor State of California, opposed the Second Amendment right to bear arms as defined in *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008) (*Heller*) which is to carry arms openly for the purpose of self-defense and for other lawful purposes. All parties in this case have taken the position that Open Carry can be banned (the District has banned Open Carry in public for the purpose of self-defense) and that the Second Amendment is satisfied by the issuance of concealed carry permits. The dispute between the parties is centered on the "good reason" requirement for being issued a concealed carry permit.

During the en banc oral arguments in *Peruta*, proposed Intervenor State of California was granted time to participate in oral arguments. During the course of the oral arguments, the State of California eventually conceded that the Second Amendment does extend beyond the curtilage of one's home, but not to concealed carry as per the *Heller* decision.

In November of 2011, Charles Nichols filed a Federal lawsuit naming California Governor Brown and California Attorney General Harris (in their official capacities) seeking a permanent injunction against California's 1967 ban on openly carrying loaded firearms in incorporated cities and unincorporated

county territory where the discharge of a firearm is prohibited (concealed carry, loaded or unloaded, is by default illegal statewide except by permit or statutory exemption).

The Complaint was subsequently amended to challenge California's recently enacted bans on openly carrying modern, unloaded firearms in incorporated cities as well as the statutory prohibition on issuing licenses to openly carry loaded handguns to residents of counties with a population of 200,000 or more persons - Charles Nichols v. Edmund Brown, Jr., et al No.: 14-55873 9th Circuit Court of Appeals which is currently stayed because we are awaiting an en banc decision in *Peruta* which, should the en banc panel in *Peruta* accept the concession by the State of California that the Second Amendment guarantees the right to openly carry firearms in non-sensitive public places for the purpose of self-defense, would be dispositive in Plaintiff Nichols' appeal. The district court judge had issued a final judgment which held that there is no right to carry a loaded firearm (openly or concealed) under the Second Amendment in public or even in the curtilage of one's home, or to openly carry even an unloaded firearm in public or even in the curtilage of one's home. In *Peruta*, the State of California has taken the opposite position of the district court judge in Nichols v. Brown but has not acquiesced in Charles Nichols' appeal.

Amicus Charles Nichols is President of California Right To Carry a California nonprofit association of advocates for the Second Amendment right to openly carry firearms for the purpose of self-defense and for other lawful purposes (California Secretary of State certificate of registration number 12360). So that there is no misunderstanding, just as in *Peruta*, Charles Nichols, an individual, is the Amicus and not his nonprofit association.

The real question in this case is whether or not there is a Second Amendment right to carry a weapon concealed in public as the right was understood when the amendment was enacted in 1791 and the extent of that right. If there was no such right, or the right did not extend to the degree consistent with the Plaintiff-Appellees' position then there is no likelihood of success and the grant of the preliminary injunction should be reversed.

As it was the Second Amendment right defined in *Heller* which was incorporated against the states in *McDonald v. City of Chicago, Ill.*, 130 S. Ct. 3020 (2010) at 3050, the concealed carry right is limited to the home and to those longstanding exceptions to the prohibitions on concealed carry which existed at the time of ratification of the 14th Amendment (1868), such as for travelers while actually on a journey, when a state law is at issue.

Given that 1791 is the relevant date in this case, the scope of the Second Amendment right to carry a weapon concealed in public is a far more difficult

question. To the extent that a position on Affirmance must be stated pursuant to the D.C. Circuit Rules, Amicus Charles Nichols takes the position that the grant of the preliminary injunction should be *reversed*. That said, and because this is a difficult and close question under the law, the amicus brief will be filed in support of neither party despite Amicus Charles Nichols' personal opposition to concealed carry.

Pursuant to D.C. Circuit Rule 29(d), the undersigned, Charles Nichols, certifies that this separate brief is necessary because his brief will focus on points not made or adequately elaborated upon in the principal brief and will be extremely relevant to the issues before this court.

It is the intention of Amicus Charles Nichols to file a short brief in support of neither party. In the unlikely event that some other Amicus should appear with the intention of filing a brief in support of neither party then pursuant to D.C. Circuit Rule 29(d), that Amicus should contact Charles Nichols to join him in a single brief to the extent practicable.

June 1, 2016

Respectfully submitted,

*Charles Nichols*

Charles Nichols
PO Box 1302
Redondo Beach, CA 90278
(424-634-7381)
CharlesNichols@Pykrete.info

5