NOT YET SCHEDULED FOR ORAL ARGUMENT

No. 16-7067

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

MATTHEW GRACE, *et al.*,
APPELLEES,

v.

DISTRICT OF COLUMBIA, *et al.*,
APPELLANTS.

ON APPEAL FROM AN ORDER OF THE
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

**CONSENT MOTION OF APPELLANTS
TO EXTEND THE BRIEFING SCHEDULE**

Earlier today this Court set a briefing schedule and ordered that the case be calendared for argument in September on the same day and before the same panel as *Wrenn v. District of Columbia*, No. 16-7025 ("*Wrenn II*"). The District of Columbia and Metropolitan Police Department Chief Cathy L. Lanier ("the District") move to adjust the briefing schedule to allow slightly more time for briefing, and to accommodate the non-refundable travel plans of counsel, with the understanding that the argument will still proceed in September on the same date and before the same panel as *Wrenn II*. Appellees consent to this relief.

The requested extension would result in the following deadlines:

- Appellants' Brief             July 13, 2016
- Appendix                      July 13, 2016
- Appellees' Brief              August 12, 2016
- Appellants' Reply Brief       August 26, 2016

There is good cause for the requested extension. This appeal involves a Second Amendment challenge to the District's laws relating to the public carrying of handguns. Undersigned counsel is lead counsel on this case and the only line attorney in her office who handles appeals related to the constitutionality of the District's regulation of firearms. In January 2016, she and her extended family scheduled a family reunion in Colorado that will have her out of the office—and without meaningful internet access—from July 22 through August 5. A non-refundable payment was made for a vacation rental house and, on May 12, she bought non-refundable airfare for her entire family.

Her supervisors, Solicitor General Todd S. Kim and Deputy Solicitor General Loren L. AliKhan, also both have made non-refundable travel plans that make compliance with the current briefing schedule difficult. Ms. AliKhan was married in May and delayed her honeymoon until summer to accommodate various obligations to this Court and the D.C. Court of Appeals. Her non-refundable trip to Croatia is scheduled from June 25 through July 8. Todd Kim will be traveling from June 17 through June 24.

When these travel plans were made, counsel could not have known that, on May 17, the district court would enter a preliminary injunction barring the District from enforcing a central component of its public-carry licensing regime, requiring the District to notice an interlocutory appeal, file an emergency motion to stay the preliminary injunction, and complete briefing on an expedited schedule.

Without adjustment of the briefing schedule, undersigned counsel will have only 21 calendar days (including today) to draft the District's brief and submit it through the necessary layers of supervisory review, and one of her two supervisors will be out for 13 of those days. At the same time, she will be drafting the District's opposition brief in *Wrenn II*—which will require her to address a different set of plaintiffs' arguments and a different judge's legal reasoning. That brief is due July 13. If the requested extension is granted, the District's briefs in both cases will be due on the same date, allowing the District to coordinate the briefs so as not to be unduly duplicative.

This appeal raises complex constitutional questions of first impression in the Court, issues that require thorough and accurate analysis. And this case is important, both for the District's ability to enforce its current handgun-carrying licensure laws, and because it could affect this Court's analysis of future challenges to the District's and federal firearm regulations. These considerations warrant the modest adjustment of the schedule the District requests. That is

3

especially so given that plaintiffs consent to this relief, and the Court can accommodate the request while still holding argument on the two appeals in September.

Three other circuits have considered the constitutionality of regulations similar to that challenged here, and each has given the government an extension of time to complete its brief. In *Kachalsky v. County of Westchester*, 701 F.3d 81 (2d Cir. 2012), the Second Circuit granted the New York State Office of the Attorney General's request for 91 days to file its opposition to the plaintiffs' brief. *See* Second Circuit Docket No. 11-3642, ECF No. 73. In *Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013), the Third Circuit granted the New Jersey Office of the Attorney General's motion to extend its briefing deadline by 50 days. *See* Third Circuit Docket No. 12-1150, 5/21/12 Order. And in *Woollard v. Gallagher*, 712 F.3d 865 (4th Cir. 2013), the Fourth Circuit granted the Maryland Office of the Attorney General's motion to extend its briefing deadline by 17 days. *See* Fourth Circuit Docket No. 12-1437, ECF No. 16. Additionally, when this Court considered a previous challenge to the District's public-carry law, it granted the District's motion to extend its briefing deadline by 17 days. *See Wrenn v. District of Columbia*, No. 15-7057, 7/9/15 Order. Similar consideration should be granted here.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

TODD S. KIM
Solicitor General

LOREN L. ALIKHAN
Deputy Solicitor General

/s/ Holly M. Johnson
HOLLY M. JOHNSON
Assistant Attorney General
Bar Number 476331
Office of the Solicitor General

Office of the Attorney General
441 4th Street, NW, Suite 600S
Washington, D.C. 20001
(202) 442-9890
(202) 715-7713 (fax)
June 2016     holly.johnson@dc.gov

# CERTIFICATE OF SERVICE

I certify that on June 8, 2016, electronic copies of this motion were served through the Court's ECF system, to:

Charles J. Cooper
David H. Thompson
Peter A. Patterson
Cooper & Kirk PLLC
1523 New Hampshire Ave, NW
Washington, D.C. 20036

/s/ Holly M. Johnson
HOLLY M. JOHNSON
